UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ILA BRUNER,

        Plaintiff,

v.                                  Case No.  5:06-cv-229-Oc-10GRJ

MICHAEL J. ASTRUE[1], Commissioner of
Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[2]

      Pending before the Court is Defendant's Motion to Dismiss. (Doc. 12.) The

Commissioner of Social Security requests that the Court dismiss Plaintiff's complaint on

the grounds that it was filed outside of the sixty day period following notification of her

adverse decision by the ALJ.  Because resolution of the motion requires the Court to

consider matters outside of the pleadings, the Court will address Defendant's motion as

a motion for summary judgment in accordance with Rule 12(b) of the Federal Rules of

Civil Procedure.[3] The parties have been provided with notice and an opportunity to file

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[3] Consistent with Eleventh Circuit case law, the Court has notified the parties of their rights and obligations under Federal Rule of Civil Procedure 56. (Doc. 18.) *See* Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F. 2d 1528, 1532 (11th Cir.1990) ("This circuit has consistently enforced the strict notice requirements of Rules 12(b) and 56, creating a bright-line rule: If a district court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the district court may

(continued...)

evidence in support of and in opposition to the motion and the issues have been adequately briefed by both parties. (Docs. 13, 16 & 17.) Accordingly, this motion is now ripe for review. For the reasons discussed below, Defendant's motion to dismiss is due to be **GRANTED**.

## I. <u>SUMMARY JUDGMENT STANDARD</u>

As an initial matter because the Court has converted this motion to a motion for summary judgment the standards in Rule 56 of the Federal Rules of Civil Procedure are applicable.  Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In *Celotex Corp. v. Catrett*, the Supreme Court recognized that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4]  The moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come

---

[3](...continued)
provide the non-moving party with adequate notice.") *Citing* <u>Marine Coatings of Alabama, Inc</u>. v. U.S., 792 F. 2d 1565, 1568. ("The cases from this circuit are clear that before a motion to dismiss may be converted to one for summary judgment the court must first communicate its intention to the parties to so treat the motion and then allow the parties ten days to submit any relevant evidence and argument in support or opposition to the merits.").

[4] 477 U.S. 317, 322 (1986).

forward with "sufficient evidence of every element that he or she must prove."[5] The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.[6]

## II.  BACKGROUND AND FACTS

Plaintiff's complaint was filed in this case on July 3, 2006 by Mr. Juan C. Gautier, Esq., who was Plaintiff's counsel at that time. (Doc. 1.) Three months later, on October 23, 2006, an Order was entered by a panel of three United States District Judges suspending Mr. Gautier as a member of the Bar of this Court for a period of three years. (Doc. 8.) Following Mr. Gautier's suspension, Ms. Sarah H. Bohr, Esq. was appointed Inventory Attorney for all cases for which Mr. Gautier was listed as counsel of record, including this case. (Doc. 8.)

On December 1, 2006, Plaintiff's current counsel, Mr. Roger W. Plata, Esq., filed a Notice of Appearance as attorney for Plaintiff in this matter (Doc. 11) and Ms. Bohr was terminated as counsel for Plaintiff. On January 16, 2007, Defendant filed the instant motion to dismiss.

Defendant contends that Plaintiff's social security appeal is untimely because Plaintiff failed to file within the sixty day period allowed by law.[7] The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 19, 2006. Defendant argues that Plaintiff's complaint should have been filed on June 23, 2006, taking into

---

[5] Rollins v. Techsouth, 833 F.2d 1515, 1528 (11th Cir. 1987).

[6] Celotex, 477 U.S. at 324.

[7] 42 U.S.C. § 405(g).

consideration the presumption of receipt five days after the date of the notice,[8] plus the sixty-day period provided for in section 405(g). Plaintiff's complaint was not filed until July 3, 2006, ten days after the 65-day deadline.

In support of his motion, the Defendant has filed the affidavit of Ms. Yvonne K. Speights,[9] who avers that she maintains the official file for Plaintiff's claim and that notice of the Appeals Council decision was mailed to Plaintiff's address in Mount Dora, Florida on April 19, 2006.[10]

In response - while conceding that the Complaint was filed more than sixty days after April 23, 2007 - Plaintiff argues that "good cause" exists for the late filing of the Complaint because of the ineffective assistance of her former counsel, Mr. Gautier. Plaintiff asks that this Court "take into account the circumstances of what occurred in this case" and that she "not be penalized for the conduct of her prior attorney...".[11]

As support for her argument, Plaintiff has submitted an affidavit stating that she moved from her address in Mount Dora, Florida to her "present address" in Clearwater, Florida, "on or about March 1, 2006." Plaintiff further avers that she "continued to reside at the Clearwater address at all times since on or about March 1, 2006." Plaintiff states that she did not receive the notice of denial "at any time in April of 2006." Plaintiff further states that it was not until "late May or early June of 2006" that she "received a phone

---

[8] 20 C.F.R. § 422.210(c).

[9] Ms. Speights is the Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration.

[10] Doc. 12-2.

[11] Doc. 13.

call" informing her that she might be able to pursue further action in Federal Court. Plaintiff concludes by stating that sometime after this phone call, she retained Mr. Gautier to file the necessary paperwork.[12]

### III. LEGAL ANALYSIS

It is well settled that the United States, as sovereign,"is immune from suit save as it consents to be sued... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[13] Congress has provided that judicial review of final decisions on claims arising under Title II or Title XVI of the *Social Security Act* is provided for and limited by sections 205(g) and (h).[14] The relevant section of 205(g) provides: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

The Social Security Administration's regulations reiterate and explain the application of the sixty day limitation period created by Congress. In cases such as this, where the Appeals Council has denied a request for review of an ALJ's decision, a civil action seeking judicial review of that decision "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision . . . is

---

[12] Doc. 13-2.

[13] Roberts v. Shalala, 848 F.Supp. 1008, 1010 (M.D. Ga. 1994) *quoting* United States v. Testan, 424 U.S. 392, 96 (1976).

[14] 42 U.S.C. 405(g) and (h).

received by the individual . . . ."[15] The regulations provide that the date of receipt of the Appeals Council's notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."[16]

The United States Supreme Court has instructed that the sixty day limitation period provided by 42 U.S.C. § 405(g) "is not jurisdictional, but rather constitutes a period of limitations."[17] The temporal limitation embodied in the statute "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually," and must be strictly construed as it is a condition on which the United States agreed to waive its sovereign immunity.[18]

The burden to rebut the presumption of receipt of the Appeals Council decision falls squarely with the Plaintiff, who must make a "reasonable showing to the contrary."[19] Plaintiff has failed to do so in this case for two primary reasons. First, Plaintiff's affidavit fails to establish that she received notice of the action of the Appeals Council within sixty days of filing suit. Secondly, even if Plaintiff had established that she received notice of the action of the Appeals Council within sixty days of filing suit, she has failed to rebut the presumption that her attorney, who represented her before the Social Security Administration, also did not receive notice of the action of the Appeals Council within five days of the date the notice was mailed to him.

---

[15] 20 C.F.R. § 422.210(c) (2005).

[16] *Id.*

[17] <u>Bowen v. City of New York</u>, 476 U.S. 467, 480 (1986). The Eleventh Circuit recognized this fact earlier in <u>Stone v. Heckler</u>, 778 F. 2d 645, 649, n. 7 (11th Cir. 1985).

[18] <u>Nodarse v. Barnhart</u>, 319 F. Supp. 2d 1333, 1342 (S.D. Fla. 2004) *Citing* <u>Bowen</u>.

[19] 20 C.F.R. § 422.210(c).

Turning first to the issue of Plaintiff's receipt of the Notice of Appeals Council Action, Plaintiff's affidavit is notable for what she does not state rather than for the information affirmatively provided in the affidavit. The affidavit only establishes that Plaintiff was residing in Clearwater, Florida, and not at her primary residence in Mount Dora, from March 1, 2006 to (at least) the date of her affidavit. Notably, rather than providing the date Plaintiff actually received the notice from the Appeals Council or the date that she first learned of the Appeals Council action, Plaintiff merely provides the negative by stating that she "did not receive any correspondence" nor did she know of the Appeals Council action in her case "at any time in April of 2006." Viewed broadly, this statement evidences at most that the sixty day period to file the complaint did not begin to run until a date *after* April 30, 2006 - the latest date Plaintiff says she did not receive notice of the action by the Appeals Council. Plaintiff failed to establish, however, that suit was filed within sixty days of actual receipt because she failed to provide evidence of the date of actual receipt and failed to establish that she did not know about the action of the Appeals Council between May 1 and May 3, 2006, dates which are more than sixty days before suit was filed on July 3, 2006.

The shortcomings in Plaintiff's affidavit are substantive flaws and not merely technical deficiencies in her proof. In order to rebut the presumption that the notice is presumed to have been received within five days of mailing the Plaintiff is required to do more than merely assert that she did not receive the notice within five days by presenting some affirmative evidence of the date of actual receipt.[20] Courts that have

---

[20] <u>Marte v. Apfel</u>, 1998 WL 292358 *2 (S.D. N.Y. 1998).

addressed this type of shortcoming in an affidavit have concluded that the presumption has not been rebutted.

For example, in *Rouse v. Harris*[21] the Court addressed the sufficiency of an affidavit filed by a Social Security claimant in an effort to rebut the presumption that notice of the action of the Commissioner was not received within five days of the date of mailing. There the claimant stated that she never received the first notice from the Commissioner, and her attorney, as well, stated that he never received the second notice from the Commissioner until two weeks after it was mailed. The court in *Rouse* concluded that these statements were insufficient to rebut the presumption because such statements "[c]annot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing."[22] The Court went on to reason that the simple statement from a claimant that she did not receive the notice is insufficient because "[O]therwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision."

Moreover, other courts have gone further and concluded that even where the claimant states a date certain for receipt, an affidavit simply stating the date of actual

---

[21] 482 F.Supp. 766, 788-69 (D. N.J. 1980)

[22] *Id.* at 769.

receipt without further elaboration is insufficient to rebut the presumption that the notice was received within five days of mailing.[23]

Here, the declaration of Yvonne K. Speights, filed by the Commissioner, affirmatively states that "On April 19, 2006, the Appeals Council sent, by mail addressed to the plaintiff at 1985 Morningside Drive, Mt. Dora, Fl 32757, with a copy to the representative, notice of its action on the Plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt."[24] Plaintiff has failed to elaborate as to the circumstances surrounding the actual receipt of the notice and has failed even to provide a concrete statement that she did not receive this notice. Instead, Plaintiff simply says that she did not receive it in April 2006.  Moreover, even if the Court was to assume that this statement was sufficient to rebut the presumption that notice was received within five days of mailing, Plaintiff's proof is, nonetheless, insufficient to meet her burden of establishing that this action was filed within sixty days of actual receipt. Accordingly, the Court concludes that Plaintiff has failed to meet her burden of making a reasonable showing to rebut the presumption that notice was received within five days of mailing and has failed to establish that the complaint in this case was filed within sixty days of receipt of the Notice of Appeals Council Action.

Independent of Plaintiff's failure to rebut the presumption as it applies to her receipt of the Notice of Appeals Council Action, there is an even more critical flaw in Plaintiff's proof. Plaintiff's affidavit is silent as to whether the attorney who represented

---

[23] *See,* McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Leslie v. Bowen, 695 F.Supp. 504, 506 (D. Kan. 1988)("[T]he rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary.").

[24] Doc. 12-2 ¶(3)(a).

her at the administrative level received the notice and, if so, whether this lawsuit was filed within sixty days of his actual receipt of the notice from the Appeals Council. There is no disputed issue of fact in the record in this case that the Notice of Appeals Council Action was sent to Plaintiff's attorney. The Notice of Appeals Council Action, dated April 19, 2006 ( a copy of which was filed by the Commissioner) evidences that J. Michael Matthews, Esq. was sent a copy at 112 W. Citrus St., Altamonte Springs, FL 32714. The Declarartion of Yvonne Speights confirms that the notice was sent to Mr. Matthews on April 19, 2006. Plaintiff has offered no evidence to counter this proof.

The failure to rebut the presumption that the notice was sent to and received by Plaintiff's Social Security attorney is fatal to Plaintiff's position because in cases, as here, where a Social Security claimant has designated a representative the sixty day time period for filing an action in federal court is triggered by receipt of the notice of the action of the Appeals Council either by the claimant or by the claimant's designated attorney, whichever occurs first.[25] The rule that the sixty time period for filing an action in federal court is triggered by the earlier date of receipt by the claimant or claimant's counsel is consistent with the Social Security regulations, which provide that notice to a claimant's representative has "the same force and effect" as if it had been sent to Plaintiff.[26]

---

[25] Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003); Roberts v. Shalala, 848 F. Supp. 1008 (M.D. Ga.1994)(holding that in cases where a representative has been designated by a claimant, the court would begin the sixty day period for filing an appeal from the date of notification of the representative, whether it be the presumed date of notification or the actual date established by reasonable evidence).

[26] 20 C.F.R. § 404.1715.

Accordingly, the Court concludes that Plaintiff has failed to rebut the presumption that the Notice of Appeals Council Action was received by her attorney on April 24, 2006, which is five days after the April 19, 2006 Notice of Appeals Council Action was mailed to Plaintiff's representative. Therefore, because suit was filed on July 3, 2006 - more than sixty-five days after the date of mailing - Plaintiff's complaint was filed untimely and is due to be dismissed.

Apparently recognizing that she cannot rebut the presumption, Plaintiff instead requests the Court to provide equitable relief because of the negligent conduct of Mr. Gautier. In this regard Plaintiff argues that she "should not be penalized for the known problems and difficulties which her prior counsel had,"[27] and asks this Court to "take into account the circumstances of what occurred in this case...," namely Mr. Gautier's ineffective assistance of counsel.[28]  While the Court is fully aware of the negligent conduct of Mr. Gautier in this case, as well as in the more than fifty other cases in this District - which conduct ultimately led to the disbarment of Mr. Gautier - as a matter of law Mr. Gautier's negligent conduct is insufficient to support the application of equitable tolling in this case.

Because the sixty day period in 405(g) is a period of limitation and not a jurisdictional bar, as a general proposition the equitable doctrine of tolling can be applied.[29] However, the traditional doctrine of equitable tolling is only appropriate in cases where the government has hindered a claimant's attempts to exercise rights by

---

[27] Doc. 13.

[28] *Id.*

[29] <u>Bowen</u> at 480.

acting in a misleading or clandestine way.[30] Indeed, where the failure to file suit timely

was the result of a claimant's failure to notify the agency of a change of address courts

have found that the equitable tolling of a limitations period is inappropriate.[31]

The doctrine of equitable tolling in the Eleventh Circuit is extremely circumscribed

and is reserved for only those cases which demonstrate "extraordinary

circumstances."[32] A court may toll temporal limitations "only upon finding an inequitable

event that prevented plaintiff's timely action," and the burden is on the plaintiff to show

that equitable tolling is warranted."[33]  Equitable tolling is appropriate where: (1) the

defendant misleads the plaintiff into allowing the statutory period to lapse; (2) the

plaintiff has no reasonable way of discovering the wrong perpetrated against him; or

where (3) the plaintiff timely files a technically defective pleading.[34] However, a plaintiff

will not be entitled to tolling when "the plaintiff does not file [his] action in a timely

fashion despite knowing or being in a position reasonably to know that the limitations

period is running" or "when [he] fails to act with due diligence [...]."[35] Indeed, even where

---

[30] *See,* Turner v. Bowen, 862 F.2d 708, 710 (8th Cir.1988); Bess, 337 F.3d.988.

[31] *See,* Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989)(failure to notify EEOC of change of address).

[32] *See,* Cabello v. Fernandez-Larios, 402 F.3d 1148 (11th Cir. 2005).

[33] Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993).

[34] *Id.* Additionally, in order to apply equitable tolling, "courts usually require some affirmative misconduct, such as deliberate concealment" on the defendant's part. *See* Cabello *quoting* Arce, et al. v. Garcia, 400 F.3d 1340, 1349 (11th Cir. 2005).

[35] *Id.*

12

a plaintiff is generally diligent, if he files late due to his own negligence, then he typically will not be entitled to equitable tolling of the statute of limitations.[36]

In the instant case, the reason for the late filing was because the Plaintiff failed to notify the Social Security Administration of her change of address, which failure was exacerbated by the failure of Mr. Gautier to file the complaint timely. There is no evidence or suggestion in this case that the Defendant did anything to mislead the Plaintiff or Plaintiff's attorney or engaged in any type of deliberate concealment that effected the ability of the Plaintiff to file this action timely.

Accordingly, in the absence of any inequitable conduct by the Defendant - as opposed to conduct by Plaintiff's own attorney - the Court finds that no "extraordinary circumstances" have been presented in this case which would warrant tolling the limitations period. While the Court sympathizes with Plaintiff that it may be unfair for her to suffer the loss of rights because of the negligent conduct of her lawyer, the fact that Plaintiff will lose her right to pursue the claims in this case is simply insufficient to give rise to the imposition of the extraordinary remedy of equitable tolling.

## IV.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 12) should be **GRANTED**.

**IN CHAMBERS** in Ocala, Florida, this 7th day of August, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:

The Honorable Wm. Terrell Hodges,
Senior United States District Judge

Counsel of Record

---

[36] *Id.*